**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.: 2007-cv-00884-REB

AMY J. STRAILY, Individually, and on behalf of herself
and all others similarly situated,

    Plaintiffs,

v.

UBS FINANCIAL SERVICES, INC.,

    Defendant.

---

## PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT

Plaintiff Amy J. Straily ("Straily" or "Plaintiff") as and for her Amended Class Action Complaint alleges upon personal knowledge as to herself and her own acts, and upon information and belief derived from, among other places, publicly available documents as to all other matters, as follows:

### NATURE OF THE ACTION

1.    This is a class action on behalf of certain customers of UBS Financial Services, Inc. ("UBS Financial" or "Defendant") who have retained UBS Financial as their financial or investment advisor or broker-dealer.  For those customers, for whom UBS Financial acts as a financial or investment advisor, UBS Financial has discretionary authority over all investments and funds in their accounts.  While purporting to have discretionary authority as a financial or investment advisor, UBS Financial automatically deposits un-invested cash in certain accounts (such as IRAs) in below-

market interest bearing accounts with UBS Bank USA ("UBS Bank"), an affiliate of UBS Financial that was formed in late 2003, instead of in savings or money market accounts yielding substantially higher interest, or other cash equivalents.[1]

2.  Plaintiff contends that by placing such funds with UBS Bank, UBS Financial in its capacity as a financial or investment advisor has breached fiduciary duties and the duty of good faith and fair dealing to its customers by favoring its (and its affiliates') interests, through the receipt of profits by paying a below-market rate, over the paramount interests of its own customers, who are entitled to market-rate interest on un-invested cash.

3.  Plaintiff is seeking on behalf of herself and all others similarly situated persons damages arising out of UBS Financial's wrongful conduct as a financial or investment advisor.

4.  For other accounts where UBS Financial acts as a broker-dealer, where it confers full discretion on the customer to direct investments and funds, it affords the customer no choice in certain accounts (such as IRAs) to direct the deposit of un-invested funds in immediately accessible market interest-bearing cash accounts, such as savings accounts, that pay market rate interest, or money market accounts. Rather, it affords such customers only the option of depositing such un-invested cash in a below-market interest bearing account with UBS Bank.

5.  As to such individuals, where UBS Financial acts as a broker-dealer, Plaintiff seeks damages against UBS Financial based upon the breach of its duty of good faith and fair dealing owed to its broker-dealer customers.

---

[1] UBS Bank and UBS Financial are both wholly owned by UBS, A.G.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2). Plaintiff is a citizen of the State of Colorado. UBS Financial is incorporated under the laws of the State of Delaware with its principal place of business in New York. On information and belief, the amount of controversy between the members of the proposed class and UBS Financial exceeds $5,000,000, exclusive of interest and costs.

7. This Court has venue of this matter pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated in this district.

## PARTIES

8. Plaintiff, a Colorado resident, retained UBS Financial in Colorado as a financial or investment advisor.

9. UBS Financial has appointed Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado, 80202 as its registered agent for purposes of service of process.

10. UBS Financial operates as a broker-dealer and investment advisor for a large array of individuals and businesses throughout the United States.

11. In 2000, PaineWebber, which was the fourth largest private client broker-dealer firm in the United States with hundreds of offices, merged with UBS, AG., the ultimate parent of UBS Financial.

12. UBS Financial operates in the United Sates under the name of UBS Wealth Management. UBS Financial has hundreds of offices in the United States (including throughout Colorado) with tens of thousands of employees.

## PLAINTIFF'S INDIVIDUAL ALLEGATIONS

13. During 1995, Plaintiff retained PaineWebber as her financial or investment advisor. During 2000, when UBS Financial merged with PaineWebber, UBS Financial became her financial or investment advisor.

14. Plaintiff opened several accounts with PaineWebber that were then held by UBS Financial after the merger, including an Investment Account, an Individual Retirement Account ("IRA Account") and a custodial account on behalf of her daughter ("Custodial Account"). In connection with these accounts, UBS Financial, in its capacity as a financial or investment advisor, has discretionary control over all of Plaintiff's investments and funds. In addition, Plaintiff has paid substantial fees to UBS Financial for the management of her accounts.

15. In its role as a financial or investment advisor, UBS Financial has acknowledged that it has fiduciary obligations to Plaintiff, including, "We must act in what we reasonably believe to be your best interests and in the event of a conflict of interest we must place your interests before our own."

16. Un-invested cash in Plaintiff's (and similarly situated customers') accounts at UBS Financial may come from a variety of sources, including UBS Financial's discretionary sale of securities, dividends or interest from investments, or new deposits of funds.

17.     In connection with the un-invested cash in Plaintiff's IRA Account, UBS Financial automatically has placed all those funds when they enter that account in a UBS Bank Deposit Account earning below-market interest. As recently as March 2007, UBS Financial automatically has placed all un-invested cash in Plaintiff's IRA Account in a UBS Bank Deposit Account, earning below-market interest.

18.     In connection with the Custodial Account, UBS Financial has placed certain of those funds in a UBS Bank Deposit Account, which has earned and paid below-market interest. As recently as March 2007, UBS Financial has placed certain un-invested cash in Plaintiff's Custodial Account in a UBS Bank Deposit Account earning below-market interest while placing other cash in a UBS money market account earning market interest..

19.     Interest payable on UBS Bank Deposit accounts is based upon the total assets that an account holder, such as Plaintiff, has with UBS Financial. Defendant publishes a schedule which correlates the interest rate with various asset "tiers" that reflect various ranges of total assets that the customer holds with UBS Financial.

20.     As of April 18, 2007, the interest rates payable by UBS Bank on its Deposit accounts were based upon the following tiers of assets held by the customer with UBS Financial:

| Assets Held | Interest Rate |
| --- | --- |
| Tier 1- Less than $100,000 | 1.10% |
| Tier 2-$100,000 to $249,999 | 1.50% |
| Tier 3-$250,000 to $499,999 | 3.05% |
| Tier 4-$500,000 to $999,999 | 3.20% |

    Tier 5- $1 million to $1,999,999   4.22%

    Tier 6-$2 million or more   4.91%.

  21. Upon information and belief, UBS Bank, arbitrarily and subjectively sets its interest rates substantially below market interest rates, especially in the lower "tiers."

  22. Upon information and belief, UBS Bank earns windfall profits partly because it is paying substantially below market rate interest to customers at UBS Financial.

  23. UBS Financial, through its affiliates, also offers to its customers various money market funds, whose interest rates bear no relationship to the amount of assets held by the customer with UBS Financial. For example, as of April 17, 2007, certain UBS Money Market funds paid the following interest rates, regardless of the total amount of assets that an account holder had with UBS Financial:

    UBS CashFund, Inc.   4.82%

    RMA Money Mrk. Portfolio   4.78%

    RMA US Government Portfolio   4.65%

  24. At all pertinent times, Plaintiff has had less than $1 million in assets with UBS Financial.

  25. It has directly benefitted UBS Financial and its affiliated companies, such as UBS Bank, to direct non-invested cash in customer accounts to UBS Bank, which pays a below- market interest rate. By crediting such a low rate, UBS Bank, has received a corresponding profit by earning a substantial spread between the amount of the sub-par interest that it pays and the amount that it earns on the funds. Plaintiff and members of the Class are correspondingly damaged by the

difference between market rate interest that they should receive in equally liquid and safe savings accounts or money market accounts (or other equivalent cash deposit accounts) and the amount of below-market interest actually paid by UBS Bank.

26. UBS Financial has a conflict of interest in connection with customers for whom it has discretionary authority over their accounts to the extent that it deposits un-invested cash in below-market interest-bearing accounts with UBS Bank.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

27. Plaintiff brings this action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of all persons (the "Class") who have accounts with UBS Financial of less than $1 million and where UBS Financial has automatically deposited un-invested cash with UBS Bank. Excluded from the Class are UBS Financial and its parents. subsidiaries, affiliates, officers, directors, financial or investment advisors, brokers and agents.

28. The members of the Class are so numerous that the joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff believes that there are tens of thousands members of the Class.

29. Plaintiff's claims are typical of the claims of the other members of the Class, and all members of the Class including Plaintiff sustained injuries arising out of Defendant's wrongful conduct complained of herein.

30. Plaintiff will fairly and adequately protect the interests of the Class and has chosen counsel experienced in class action litigation. Plaintiff has no interests antagonistic to, or in conflict

with, the other members of the Class she seeks to represent. As such, Plaintiff and her counsel are adequate representatives of the Class.

31. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Plaintiff anticipates no difficulty in the management of this action as a class action.

32. The questions of law and fact common to the other members of the Class, and which predominate over any questions affecting individual members, include the following:

    A. Whether UBS Financial breached its fiduciary duties; and/or

    B. Whether UBS Financial breached its duties of good faith and fair dealing.

33. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for at least the following reasons:

    A. Without a class action, class members will continue to suffer damage, Defendant's violations of law will proceed without remedy, and Defendant's will continue to retain the proceeds of its misconduct; and

    B. This action presents no difficulty that would impede the Court's management of it as a class action, and it is the best available means by which members of the class can seek redress for the harm caused to them by Defendant.

## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**(Breach of Fiduciary Duty)**

34. Plaintiff reasserts the allegations contained in the above paragraphs as if fully set forth herein.

35. Defendant owes fiduciary duties to Plaintiff and the Class when it is acting in its capacity as a financial or investment advisor.

36.     Defendant has breached and continues to breach fiduciary duties to Plaintiff and the Class, who retained UBS Financial as a financial or investment advisor, by, among other things, directing non-invested funds to be deposited in accounts with its affiliate UBS Bank that earn below-market interest instead of in equally liquid and safe savings accounts, money market accounts, or other cash equivalent accounts that earn market-rate interest.

37.     As a result of UBS Financial's breach of fiduciary duties, Plaintiff and the Class have suffered damage in the form of lost earnings on their funds, and Defendant (or its affiliate) has correspondingly profited at Plaintiff's and the Class' expense.

38.     All conditions precedent to Plaintiff to bring this action have been performed or have occurred.

39.     Plaintiff and the Class are entitled to moratory interest, punitive damages and attorney fees due to redress UBS Financial's breaches of fiduciary duties.

## SECOND CAUSE OF ACTION
### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

40.     Plaintiff reasserts the allegations contained in the above paragraphs as if fully set forth herein.

41.     In connection with the retention of UBS Financial as a financial or investment advisor or broker-dealer, there is an implied covenant of good faith and fair dealing on the part of UBS Financial to Plaintiff and the Class.

42.     UBS Financial breached the covenant of good faith and fair dealing by, among other things, as a financial or investment advisor or broker-dealer directing non-invested funds to be

deposited in accounts with its affiliate UBS Bank that earn below-market interest instead of in equally liquid and safe savings account or money market or other cash equivalent accounts that earn market rate interest.

43. By reason of the foregoing, Plaintiffs and Class members are entitled to compensatory damages in an amount to be determined at the trial of this action.

44. All conditions precedent to Plaintiff to bring this action have been performed or have occurred.

## JURY TRIAL DEMANDED

45. Plaintiff demands a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants and each of them jointly and severally as follows:

   A. That this Court certify this action as a class action and appoint Plaintiff as the representative and her counsel as Lead Counsel pursuant to Rule 23 of the Federal Rules of Civil Procedure;

   B. That Plaintiff and Class members recover damages, punitive damages, and costs;

   C. That the Court award equitable relief, as appropriate;

   D. That Plaintiff and Class members recover moratory interest, pre- and post-judgment interest; attorney fees; and

   E. Such other and further relief as the Court may deem necessary or appropriate.

Respectfully submitted,

By: s/ Richard B. Podoll, Esq
  ***Richard B. Podoll, Esq.***
  Robert A. Kitsmiller, Esq.
  Podoll & Podoll, P.C.
  5619 DTC Parkway, Suite 1100
  Greenwood Village, CO 80111-3064
  Telephone: (303) 861-4000
  Facsimile: (303) 861-4004
  Email: rich@podoll.net
  Email: bob@podoll.net

  Stephen L. Hubbard, Esq.
  Robert W. Biederman, Esq.
  David M. Grossman, Esq.
  Hubbard & Biederman, LLP
  1717 Main Street, Suite 4700
  Dallas, Texas 75201
  Telephone: (214) 857-6000
  Facsimile: (214) 857-6001
  Email: SLHubbard@hblawfirm.com
  Email: RWBiederman@hblawfirm.com
  Email: DMGrossman@hblawfirm.com

  Attorneys for Plaintiff Amy J. Straily

Plaintiff's Address:
Amy J. Straily
6814 Tabor Court
Arvada, Colorado 80004