IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  07-cv-00884-REB-KLM

AMY J.  STRAILY,

    Plaintiff(s),

v.

UBS FINANCIAL SERVICES, INC.,

    Defendant(s).

_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter comes before the Court on **Defendant UBS's Motion to Stay Discovery Pending Disposition of its Motion to Dismiss** [Docket No. 34; filed August 17, 2007] ("Motion to Stay").  This Court has reviewed Defendant's Motion to Stay, Plaintiff's Response [Docket No. 37; filed August 21, 2007], Defendant's Reply [Docket No. 40; filed September 14, 2007], and applicable case law, and is sufficiently advised on the premises.  IT IS HEREBY **ORDERED** that the Motion to Stay is **GRANTED, as specified below**.

    Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [Docket No. 23; filed July 13, 2007] and requests that this Court stay discovery pending a ruling from the District Court.  Plaintiff raises many concerns in connection with this proposed stay, including the concern that she will face a "decrease in evidentiary quality and witness availability."  *Plaintiff's Response*, p. 4, ¶ 2.  For its part, Defendant seeks to avoid an "extremely expensive discovery process, when this case may be ultimately dismissed . . . ."  *Defendant's Reply*, p. 6, ¶ 2.  It generally is the policy in this district not to stay discovery pending a ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), unless a defense of qualified immunity is raised.  *See Workman v. Jordan*, 958 F.2d 332, 336 (10 Cir. 1992).  However, "good cause may exist to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party."  *Namoko v. Milyard Mfg., Inc.,* 2007 WL 1063564, *1 (D.Colo. 2007); Fed.

1

R. Civ. P. 26(c)(1).

      The Court finds that any possibility of prejudice to Plaintiff from a stay of discovery is outweighed by the burden on Defendants resulting from conducting and responding to discovery while their Motion to Dismiss is pending.  *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, *3 (D.Colo. 2006) (citing *FDIC v. Renda*, 1987 WL 348635 (D.Kan. 1987)).  Accordingly, discovery shall be stayed for a period of **ninety (90) days** from the date of this Order, while the District Court considers Defendant's Motion to Dismiss.  While the stay is in effect, the parties may conduct any discovery that does not involve the opposing party, such as gathering written statements from cooperative witnesses or serving *subpoenas duces tecum* on non-parties for production of documents only.

      BY THE COURT:

      __s/ Kristen L. Mix_____

      United States Magistrate Judge

Dated:  September 25, 2007