IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00884-REB-KLM

AMY J. STRAILY,

    Plaintiff(s),

v.

UBS FINANCIAL SERVICES, INC.,

    Defendant(s).
_____

**MINUTE ORDER**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the court on **Defendant UBS's Motion To Extend the Discovery Stay** [Docket No. 54; filed December 18, 2007] ("Motion to Extend Stay"). The Court has reviewed the Motion to Extend Stay, Plaintiff's Response [Docket No. 56; filed December 21, 2007], Defendant's Reply [Docket No. 58; filed December 26, 2007], the case file, and applicable case law, and is sufficiently advised in the premises. Accordingly, IT IS HEREBY **ORDERED** that the Motion to Extend Stay is **GRANTED**, as set forth below.

    On September 25, 2007, this Court entered an Order granting Defendant's Motion to Stay Discovery in part [Docket No. 42]. This Order stayed certain discovery in the above-captioned case for a period of ninety days, or until December 24, 2007. The Parties remained able to conduct any discovery that did not involve the opposing party, such as gathering written statements from cooperative witnesses or serving *subpoenas duces tecum* for production of documents on non-parties.

    On December 18, 2007, Defendant filed the instant motion [Docket No. 54], which seeks to extend the discovery stay for a reasonable period of time to be determined by the Court. As grounds, Defendant states that its Motion to Dismiss [Docket No. 23] remains pending before District Judge Blackburn. Defendant argues that the discovery sought by Plaintiff is expensive and burdensome and that Plaintiff would not be unduly prejudiced by a second brief extension of the stay. *Motion to Extend Stay*, p. 2. Defendant further argues that it has taken steps to preserve the relevant evidence, such that a stay will not interfere with Plaintiff's ability to engage in future discovery. *Id.* at 3.

Plaintiff contends that the case is set for trial on July 28, 2008 and that even though the case has been pending since April 30, 2007, Plaintiff has only received "a few hundred documents and no production whatsoever from Defendant." *Response*, p. 3. Plaintiff argues that the parties will have only seven months in order to conduct discovery and prepare for the July trial, making a further stay untenable and unfair.

I find that the reasons for staying the case cited in my Minute Order of September 25, 2007 [Docket No. 42] remain valid. That is, any possibility of prejudice to Plaintiff from a stay of discovery is outweighed by the burden on Defendants resulting from conducting and responding to discovery while their Motion to Dismiss is pending. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 WL 894955, *3 (D.Colo. 2006) (citing *FDIC v. Renda*, 1987 WL 348635 (D.Kan. 1987)). Accordingly, IT IS HEREBY **ORDERED** that **Defendant UBS's Motion To Extend the Discovery Stay** [Docket No. 54; filed December 18, 2007] is **GRANTED**. Discovery shall be stayed for a period of **forty-five (45) days** from the date of this Order, while the District Court considers Defendant's Motion to Dismiss. While the stay is in effect, the parties may conduct any discovery that does not involve the opposing party, as specified above.

BY THE COURT:
\_\_s/ Kristen L. Mix_____
United States Magistrate Judge

Dated: January 4, 2008