**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  07-cv-00884-REB-KMT

AMY J. STRAILY, individually, and on behalf of herself and all others similarly situated,

     Plaintiff,

v.

UBS FINANCIAL SERVICES, INC.,

     Defendant.

---

## ORDER DENYING MOTION TO DISMISS
---

**Blackburn, J.**

     This matter is before me on the following: 1) **Defendant UBS's Motion To Dismiss Plaintiff's Amended Class Action Complaint** [#23], filed July 13, 2007; and 2) **Plaintiff's Motion To Strike Exhibit 4 To Defendant UBS's Reply in Support of its Motion To Dismiss Plaintiff's Amended Class Action Complaint and Portions of UBS's Reply** [#36], filed August 21, 2007.  The parties filed responses and replies addressing both of these motions.  I deny both motions.

### I.  JURISDICTION

     I have jurisdiction over this case under 28 U.S.C. § 1332 (diversity).

### II.  STANDARD OF REVIEW

     When ruling on a motion to dismiss under Rule 12(b)(6), I must determine whether the allegations of the complaint are sufficient to state a claim within the meaning of Fed.R.Civ.P. 8(a).  I must accept all well-pleaded allegations of the

complaint as true. *McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 997 (10th Cir. 2002). "However, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993); *see also Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) ("All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true."), *cert. denied*, 538 U.S. 999 (2003). I review the complaint to determine whether it "contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. July 9, 2007) (quoting *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S.Ct. 1955,1974 (2007)). "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Id.* (emphases in original).[1]

### III. ANALYSIS

In the **Plaintiff's Amended Class Action Complaint** [#3], filed May 7, 2007, the plaintiff, Amy Straily, alleges that she maintains certain investment accounts with the defendant, UBS Financial Services, Inc. Straily alleges that UBS has placed un-

---

[1] Until recently, the standard of review for a motion under Rule 12(b)(6) was whether "'it appear[ed] beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Tenth Circuit has noted that the relationship between the standard announced in *Bell Atlantic Corp.* and the Supreme Court's contemporaneous decision in *Erickson v. Pardus*, ___ U.S. ___, ___, 127 S.Ct. 2197, 2200 (2007), in which the Supreme Court upheld the notice pleading standards of Rule 8(a)(2), is not entirely clear. *See Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 n.2 (10th Cir. July 13, 2007). Nevertheless, my decision with respect to the 12(b)(6) motion would be the same under either the old *Conley v. Gibson* "no set of facts" standard or the *Bell Atlantic Corp.* "plausibility" standard. *See id.*

invested cash from her various accounts in a UBS Bank Deposit Account that earns below-market interest. The plaintiff alleges that UBS's placement of her un-invested cash into a UBS account that earns below-market interest constitutes a breach of UBS's fiduciary duty to her, and a breach of the implied covenant of good faith and fair dealing.

In its motion to dismiss, UBS argues that both of the plaintiff's claims must be dismissed for failure to state a claim on which relief can be granted. UBS says that the plaintiff's accounts are governed by account agreements that were executed by UBS, or its predecessor, and the plaintiff. UBS has attached copies of two account agreements to its motion to dismiss. *Motion to dismiss*, Exhibit 1 & 2. In addition, UBS has attached to its motion a copy of a letter and notice purportedly delivered to Straily in July, 2003. *Id.*, Exhibit 3. UBS says the July, 2003, notice served to inform Straily of amendments to UBS's policies and procedures concerning sweeps of un-invested cash in Straily's accounts and served to amend Straily's account agreements with UBS. Based on the agreements and the amendments reflected in Exhibit 3, UBS argues that its contracts with Straily explicitly permit and require UBS to sweep un-invested cash from Straily's accounts and to invest that cash in a UBS Bank Deposit Account. UBS argues further that Straily explicitly has agreed to the interest rates paid by the UBS Bank Deposit Account. Straily's agreement with UBS effectively was amended, UBS asserts, because Straily was notified of the amendments, via Exhibit 3, and she accepted those terms by continuing to execute transactions in her accounts. In light of these specific provisions in her agreements with UBS, UBS argues that Straily cannot state a claim for breach of fiduciary duty or a claim for breach of the implied covenant

of good faith and fair dealing.

In her response to the motion to dismiss, Straily does not object to the consideration of the agreements, Exhibits 1 & 2, for the purpose of resolving the motion to dismiss, but assets that the agreements do not define the totality of the terms of her relationship with UBS. *Response*, p. 3, n. 3. However, Straily does object to the court's consideration of Exhibit 3, the July, 2003, notice. She notes that she makes no reference in her complaint to any letter or notice sent to her about UBS's sweep program. Further, she notes that the letter reflected in Exhibit 3 is addressed to John and Jane Doe at a fictitious address. Thus, she argues, Exhibit 3 does not demonstrate that she received this letter and notice and that she agreed to the terms proposed therein, as asserted by UBS. UBS has attached to its reply an affidavit, Exhibit 4, that purports to establish that the form letter shown in Exhibit 3 was in fact mailed to Straily by UBS.

Typically, a motion to dismiss under Fed. R Civ P. 12(b)(6) concerns only the adequacy of the allegations in the complaint. Again, on a motion to dismiss, a court reviews the complaint to determine whether it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting **Bell Atlantic Corp. v. Twombly**, ___ U.S. ___, ___, 127 S.Ct. 1955,1974 (2007)). However, as the defendant notes, "if a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." ***GFF Corp. v. Associated Wholesale Grocers, Inc.*** 130 F.3d 1381, 1384

(1997). In essence, a document that is referred to in complaint and that is central to the plaintiff's claim becomes part of the complaint, even though the document is not attached to the complaint.

Straily's complaint does not refer to any contract or agreement with UBS but the implication that such agreements exist can be drawn from her complaint. Understandably, Straily does not object to the consideration of the her initial agreements (Exhibits 1 and 2) with UBS or its predecessor in relation to the motion to dismiss. However, Straily's complaint cannot be read to imply or otherwise indicate that her agreements with UBS have been amended, nor does the complaint imply or indicate otherwise what steps may or may not have been taken to amend the agreement. Therefore, I conclude that Exhibit 3 cannot properly be considered in determining whether Straily's complaint states claims on which relief can be granted. Exhibit 3 concerns facts other than the facts alleged in Straily's complaint. Exhibit 4, which is attached to UBS's reply, also goes beyond the scope of information properly considered on a motion to dismiss. Exhibit 4 addresses facts not addressed in any way in Straily's complaint. Excluding consideration of Exhibits 3 and 4, as I must, I conclude that Straily's amended complaint [#3], filed May 7, 2007, "contains 'enough facts to state a claim to relief that is plausible on its face.'" *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S.Ct. 1955,1974 (2007)).

In her motion to strike Exhibit 4 [#36], Straily asks that I strike Exhibit 4 because, *inter alia*, it should not properly be considered to resolve UBS's motion to dismiss. Because I have concluded that Exhibit 4 is not properly considered in resolving the

motion to dismiss, and because I am denying the motion to dismiss, I should deny the motion to strike as moot. In its response to the motion to strike, UBS asks that I convert its motion to dismiss to a motion for summary judgment if I determine that any of its proposed exhibits cannot properly be considered in relation to its motion to dismiss. Assuming UBS concludes that it has a sound basis for a grant of summary judgment, I conclude that it would be more efficient for the court and for the parties if UBS filed a motion postured and substantiated as a motion for summary judgment, rather than converting the present motion to dismiss to a motion for summary judgment.

### IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That **Defendant UBS's Motion To Dismiss Plaintiff's Amended Class Action Complaint** [#23], filed July 13, 2007, is **DENIED**; and

2. That the **Plaintiff's Motion To Strike Exhibit 4 To Defendant UBS's Reply in Support of its Motion To Dismiss Plaintiff's Amended Class Action Complaint and Portions of UBS's Reply** [#36], filed August 21, 2007, is **DENIED** as moot.

Dated March 24, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**