# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 07-cv-00884-REB-KMT

AMY J. STRAILY, Individually, and on behalf of herself
and all others similarly situated,

    Plaintiffs,

v.

UBS FINANCIAL SERVICES INC.,

    Defendant.

## STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIALITY

The parties hereby stipulate:

1. The purpose of this Stipulated Protective Order ("Order") is to facilitate expeditious discovery and exchange of information and documents in this litigation and protect the interests of the parties in their confidential and commercially-sensitive information and documents in accordance with Fed. R. Civ. P. 26(c)(7). This Order shall govern the production and exchange of all documents, electronically-stored information, testimony, tangible materials, interrogatory answers, and other information produced, given, or exchanged during the course of this action ("Discovery Material") by and among all parties and any non-parties.

2. Any party may designate Discovery Material as "Confidential" if the party believes in good faith that there is good cause to treat the information as confidential because it contains non-public financial, trade secret, or commercial information ("Confidential Discovery Material").

3. Confidential Discovery Material shall be designated as such by the party producing it (the "Producing Party") in one or more of the following ways: (a) information set forth in an answer to an interrogatory may be so designated by including the word "CONFIDENTIAL" in the answer; (b) information contained in any document or part thereof may be so designated by marking the word "CONFIDENTIAL" on the document or any copy of it delivered to the opposing Party or its counsel or by giving written notice to opposing counsel, describing the document or part thereof either specifically or by category; or (c) information contained in an answer to any question asked during an oral deposition may be so designated by a statement made on the record during the course of the deposition, or sending written notice within twenty (20) business days of receiving the final version of the transcript of the deposition or testimony, that specific information or testimony constitutes Confidential Discovery Material.

4. If a Producing Party inadvertently fails to designate Discovery Material as "Confidential" when that information is produced, disclosed, or otherwise provided in this litigation, the Producing Party shall give notice to the other parties of the inadvertent omission promptly upon discovery thereof, and the information shall thenceforth be treated as if the designation as "Confidential" had been made when the information was first produced, disclosed, or otherwise provided in this litigation.

5. The party to which Confidential Discovery Material is produced (the "Requesting Party") shall treat such Confidential Discovery Material as strictly confidential. Confidential Discovery Material shall be used solely for the purpose of this action (including any appeals), and not in any other litigation, and not for any business or other purpose whatsoever. Nothing in this Order shall restrict a Producing Party's use or disclosure of its own Discovery Material. Otherwise, Confidential Discovery Material may not be disclosed except as follows:

a. Confidential Discovery Material may be used in the taking of testimony at, or in defending, any deposition, hearing or trial in this action.

b. Confidential Discovery Material may be used in any oral or written argument in the case.

c. Confidential Discovery Material may be shown to any witness or potential witness in interviews or in preparation for any deposition, hearing or trial, and at any deposition, hearing or trial; provided, however, that counsel for the party making the disclosure shall (1) advise the witness or potential witness of the contents of this Order and use best efforts to obtain that individual's execution of an undertaking in the form attached as Exhibit A hereto, (2) limit the disclosure to only those disclosures necessary for the interview or to prepare the witness for any deposition, hearing or trial, and (3) prevent the witness or potential witness from retaining copies of Confidential Discovery Material.

d. Confidential Discovery Material may be disclosed to the Court and its personnel, including court reporters.

e. Confidential Discovery Material may be disclosed to employees and members of the law firms of counsel of record (including in-house counsel for the defendant and employees acting on their behalf).

f. Confidential Discovery Material may be disclosed to experts and independent consultants engaged by counsel of record, and to employees of such experts or consultants, after they have signed an undertaking in the form attached as Exhibit A hereto.

g. Confidential Discovery Material may be disclosed to all parties, including officers, directors, and employees of defendant UBS Financial Services Inc., (and its affiliates, parents and subdivisions), both present and former, who are providing assistance to counsel in

K&E 12383650.3

the defense of this matter. In the event that a class is certified, the term parties as used in this paragraph shall be limited to named class representatives only.

    h. Confidential Discovery Material may be disclosed to any other person if (1) the parties agree after conferring in good faith that the person may have access to Confidential Discovery Material; or (2) the Court orders upon Motion with good cause shown that the person may have access to Confidential Discovery Material.

  6. Except as otherwise provided in this Order, any disclosure or dissemination of Confidential Discovery Material shall be preceded by execution of an undertaking substantially in the form attached hereto as Exhibit A.

  7. All parties reserve their rights to file or oppose motions to seal any Confidential Discovery Material submitted in connection with any court proceeding. In the event that any Confidential Discovery Material is used in any Court proceeding in this action or any appeal therefrom, such Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Counsel shall meet and confer on such procedures that are necessary to protect the confidentiality of any documents, information and transcripts used in the course of any court proceedings. Nothing in this Protective Order shall affect the right of any party to seek greater protection than that provided for herein for any information.

  8. Counsel of record shall retain throughout this litigation the undertakings executed by parties receiving Confidential Discovery Material pursuant to this Order. If any party has good cause to believe that another party has improperly disclosed Confidential Discovery Material, it may move for an order allowing it to inspect the undertakings before the conclusion of the litigation.

9. Nothing in this Order shall constitute a waiver by any party of any claim of attorney-client privilege, attorney work product or any other protection from discovery.

10. The inadvertent production of any Discovery Material in this action shall be without prejudice to any claim by a Producing Party that such material is privileged and protected from discovery or is irrelevant to any claims raised in this action.

    a. Upon receipt of Discovery Material that is identified as privileged or appears from its contents to be privileged, the Requesting Party shall promptly notify the Producing Party and shall not use such Discovery Material for any purpose until further order of the Court.

    b. If a Producing Party informs a Requesting Party in writing that the Producing Party has inadvertently produced privileged Discovery Material, the Requesting Party shall not use such Discovery Material for any purpose until further order of the Court.

    c. A Requesting Party in possession of inadvertently produced Discovery Material may file a motion with the Court requesting that the Producing Party produce the Discovery Material on good faith grounds that it is not privileged or otherwise protected from disclosure. If a Requesting Party decides to file such a motion, its counsel may, solely for that purpose, retain a copy of the Discovery Material in question, which shall not be used for any purpose other than presenting the issue of production to the Court.

    d. The Requesting Party must bring any such motion within twenty (20) days after receiving written notice from the Producing Party that the Discovery Material at issue was inadvertently produced. If the Requesting Party fails to bring such a motion within twenty (20) days of receiving such notice, the Requesting Party shall not use such Discovery Material for any purpose.

K&E 12383650.3

11. Within 6 months of the conclusion of this litigation (meaning final judgment and exhaustion of all appeals or a final settlement of all claims), everyone other than counsel of record to whom Confidential Discovery Material has been disclosed pursuant to paragraph 5 above shall return that information to the counsel of record who disclosed it; counsel of record shall then arrange for the return at the expense of the designating party of all Confidential Discovery Material and all copies thereof to the party that designated the Discovery Material as "Confidential," or shall, at the option of the designating party, arrange for the Confidential Discovery Material and all copies thereof to be destroyed. Upon request, counsel of record shall certify in writing that they have complied with this paragraph. Nothing in this paragraph, however, shall preclude counsel from retaining pleadings, transcripts, exhibits, reports, correspondence, notes, and memoranda archived as part of their case and client files.

12. If a party objects to another party's designation of information as "Confidential," it shall advise the designating party in writing of the reasons for the objection, and the designating party shall have fifteen days to review the matter. If the designating party decides to retain the "Confidential" designation, the objecting party may move for an order to remove the "Confidential" designation. The information at issue shall be treated as "Confidential" until the Court rules on any such motion. For good cause shown, the objecting party may ask the Court to shorten the time periods allowed by this paragraph.

13. All notices, requests and demands to or upon any of the parties under this Order shall be in writing, unless otherwise expressly provided herein, shall be deemed to have been duly given or made when (a) for delivery by mail or courier, when delivered or three (3) business days after being deposited in the mail, postage prepaid; of (b) for delivery by facsimile or email, when received.

K&E 12383650.3

14. This Order shall be binding on any future party to this litigation.

15. Any non-party may agree to be subject to and governed by the terms of this Order.

16. This Order shall continue in force after the completion of this litigation.

17. This Order shall not prohibit a party from disclosing "Confidential" information in response to a subpoena duly served on the party, provided that the subpoenaed party notifies the designating party, in writing, prior to disclosure and within two (2) business days of receipt of the subpoena, to allow the designating party the opportunity to object or respond to the subpoena, and further provided that the subpoenaed party shall not disclose the "Confidential" information prior to the later of the conclusion of ten (10) days after notice of the subpoena to the designating party, or the time in which the Court rules on any motion objecting to the subpoena filed by the designating party within such ten (10) day period.

18. In entering into this Order, the parties preserve all rights and objections they may have to the use in this lawsuit of Confidential Discovery Material including, but not limited to the rights of any Party to object to the admissibility of any materials into evidence at the trial of this action.

K&E 12383650.3

19. This stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same document.

SO STIPULATED:

This ___4th__ day of _April_____, 2008.

|  |  |
|---|---|
|  | s/Richard B. Podoll<br>Richard B. Podoll, Esq.<br>PODOLL & PODOLL, P.C.<br>Terrace Tower II<br>5619 DTC Parkway, Suite 1100<br>Greenwood Village, Colorado 80111-3064<br>rich@podoll.net |
| Date: _April 2, 2008_ | and |
|  | s/Robert W. Biederman<br>Stephen L Hubbard<br>Robert W. Biederman<br>David M. Grossman<br>HUBBARD & BIEDERMAN, LLP.<br>1717 Main Street, Suite 4700<br>Dallas, Texas 75201 |
|  | **ATTORNEYS FOR PLAINTIFF** |
|  | s/Holly Stein Sollod<br>Holly Stein Sollod, Esq.<br>Lee F. Johnston, Esq.<br>Gregory R. Clouser, Esq.<br>Holland & Hart, LLP<br>555 Seventeenth Street, Suite 3200<br>Denver, Colorado 80202<br>hsteinsollod@hollandhart.com<br>ljohnston@hollandhart.com<br>gclouser@hollandhart.com |

Date: April 1, 2008           and

                                      s/Jay P. Lefkowitz
                                      Jay P. Lefkowitz, Esq.
                                      Joseph Serino, Jr., Esq.
                                      Kirkland & Ellis, LLP
                                      Citigroup Center
                                      153 East 53rd Street
                                      New York, NY 10022-4675
                                      jlefkowitz@kirkland.com
                                      jserino@kirkland.com

                                      **ATTORNEYS FOR DEFENDANT**

ENTERED this 9th day of April, 2008.

                                      BY THE COURT:

                                      s/ Kathleen M. Tafoya
                                      United States Magistrate Judge