IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 07-cv-00884-REB-KMT

AMY J. STRAILY,

    Plaintiff,

v.

UBS FINANCIAL SERVICES, INC.

    Defendant.

# ORDER

This matter is before the court on "Plaintiff's Motion for Protective Order" ("Mot.P.O." [Doc. No. 112, filed October 2, 2008].) "Defendant UBS Financial Services Inc.'s Opposition to Plaintiff's Motion for a Protective Order" [Doc. No. 116] was filed on October 20, 2008 and "Plaintiff's Reply in Support of Motion for Protective Order" [Doc. No. 117] was filed on November 7, 2008.

This case involves Plaintiff's former brokerage accounts with Defendant UBS Financial Services Inc. ("UBS"). Plaintiff alleges her brokerage accounts contained a sweep feature by which cash in the brokerage accounts was originally automatically invested daily into a choice of money market funds. Plaintiff claims that in September 2003, UBS changed the sweep feature in Plaintiff's accounts to sweep to a fund in UBS Bank USA deposits, an affiliate of UBS, and that the new UBS sweep fund paid less interest on the deposited funds than the previously available

money market funds.  (*See*, "Plaintiff's Amended Response to Defendant's Motion for Summary Judgment" [Doc. No. 124, filed December 5, 2008] p. 1-2.)

Plaintiff alleges the change to the sweep transactions created a conflict of interest in which Defendant preferred its own interests to those of its clients and that the sweep transactions violated Defendant's fiduciary duties of honesty and loyalty and breach her contracts with UBS. UBS asserts, among other defenses, that the sweeping of uninvested cash to UBS Bank is a matter of contract between Plaintiff and UBS which is not a matter entrusted to UBS's discretion and, therefore, UBS did not owe Plaintiff any fiduciary duty with respect to the handling of uninvested cash.  (*See*, "Defendant UBS Financial Services Inc.'s Motion for Summary Judgment [Doc. No. 87, p.4] p. 4.)

It is not disputed that in July 2007, UBS terminated Plaintiff's accounts and Plaintiff was required to remove her investments from UBS.  (Mot.P.O. ¶ 6).  Thereafter, in or about August, 2007, Plaintiff transferred her investments from UBS to Merrill, Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch").  (*Id*. ¶ 7.)

After Plaintiff refused to provide information to UBS about her later acquired Merrill Lynch accounts in discovery, on or about September 12, 2008, UBS served Merrill Lynch with a subpoena at its corporate headquarters in New York.  The subpoena requested all documents pertaining to Plaintiff's accounts with Merrill Lynch and Plaintiff's communications with Merrill Lynch.  (Mot.P.O., Exhibit A, Doc. No. 112-2.]  The requests contained in the subject subpoena sought "documents and electronically-stored information created on or after May 1, 2007.  (*Id*. at p. 8).  Plaintiff's motion for protective order followed.

*Legal Standard*

The foremost fundamental principle regarding subpoenaed discovery is that a subpoena duces tecum to obtain materials in advance of trial should be issued only when the party seeking the materials can show that the materials are evidentiary and relevant. 81 Am. Jur. 2d *Witnesses* § 20 (2d ed. 2008); *Price v. Cochran*, 66 Fed. Appx. 781, 786, 2003 WL 21054706, at *4 (10th Cir. May 12, 2003).

The defendant's subpoena to Merrill Lynch was issued by the United States District Court for the Southern District of New York pursuant to Rule 45 of the Federal Rules of Civil Procedure. (Mot.P.O., Exhibit A, Doc. No. 112-2, p.4.) The court infers, from the absence of mention by either party, that there has been no motion to quash the subpoena filed in the Southern District of New York pursuant to Fed. R. Civ. P. 45(d). Likewise, there has been no transfer or remittance from New York of a motion to quash for resolution in this district. *See Petersen v. Douglas County Bank & Trust Co.*, 940 F.2d 1389, 1391 (10th Cir. 1991). Generally, "the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court." *Jennings v. Short-Elliott- Hendrickson, Inc.*, 2007 WL 2045497, at *1 (D. Colo., July 10, 2007). It is the issuing court that most often has the necessary jurisdiction over the person served to enforce compliance with the subpoena. 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure 2d* § 2463.1 (2008 update). *See also Wells v. GC Services LP*, 2007 WL 1068222 (D. C. Cal., 2007)(Court had jurisdiction to enter a protective order pursuant to Fed. Rule Civ. P.

26, but not to quash a subpoena since it was not a court within the district from which the subpoena was issued.).

It is beyond cavil, however, that the broad outlines of discovery in a civil case are controlled by the court where the case is filed. *See Static Control Components, Inc. v. Darkprint Imaging*, 201 F.R.D. 431 (M.D.N.C., 2001)(Court in district where case was pending had authority to issue protective order, pursuant to its right to control general outline of discovery, even though the particular discovery dispute arose from a subpoena issued in another district); *Best Western Intern., Inc. v. Doe*, 2006 WL 2091695, at *2 (D. Ariz. 2006)(Rule 45(c) does provide that subpoenas should be enforced by the district court which issued them, but this rule does not alter the broader concept that the district court in which an action is pending has the right and responsibility to control the broad outline of discovery); *Platinum Air Charters, LLC v. Aviation Ventures, Inc.*, 2007 WL 121674, at *3 (D. Nev. Jan. 10, 2007)(same).

**Analysis**

The plaintiff has filed her motion in this court, not as a motion to quash under Rule 45, but for a protective order pursuant to this court's control of discovery, claiming that the documents sought from Merrill Lynch by defendant — irrespective of where Merrill Lynch was served — are simply irrelevant to the case at bar. As a party subject to the jurisdiction of this court, plaintiff is entitled to request this court to preclude any inquiry into areas that are clearly outside the scope of appropriate discovery. *Caldwell v. Life Ins. Co. of North America,* 165 F.R.D. 633, 637 (D. Kan., 1996).

Fed. R. Civ. P. 26(b) provides specifically,

> (1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter **that is relevant** to any party's claim or defense – . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

*Id*. (emphasis added). Further, the Rule provides, "All discovery is subject to the limitations imposed by Rule 26(b)(2)(C)." Therefore, in order for information to be subject to discovery at all, it must be relevant or reasonably calculated to lead to relevant, admissible evidence and, if it meets that initial criteria, will also be subject to the restraints and limitations of subsection (b)(2)(C).

Defendant argues that the plaintiff is precluded from bringing her objections to the scope of defendant's discovery requests to non-party Merrill Lynch via a motion for protective order; discovery which the court notes was first directed to the plaintiff through Requests for Production of Documents and objected to as irrelevant. (Doc. No. 112-4). Defendant argues the motion is not properly before the court because the plaintiff is not claiming "annoyance, embarrassment, oppression, or undue burden or expense." However, in proceeding directly to the limitation language in Fed. R. Civ. P. 26c), Defendant is bypassing the initial relevancy requirements of Fed. R. Civ. P. 26(b) and leaping straight to the allowable grounds for limitations on otherwise <u>relevant</u> evidence. As the Advisory Committee Notes to the 1946 Amendments to the Rules state, "Of course, matters entirely without bearing either as direct evidence or as leads to evidence are not within the scope of inquiry. . . ."

5

The Advisory Committee Notes to the 1983 Amendments added clarification to the need for the last sentence of Rule 26(b)(1)'s "annoyance, embarrassment, oppression, or undue burden or expense" language, stating

> Rule 26(b)(1) has been amended to add a sentence to deal with the problem of over-discovery. The objective is to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed *to matters that are otherwise proper subjects of inquiry*. The new sentence is intended to encourage judges to be more aggressive in identifying and discouraging discovery overuse. The grounds mentioned in the amended rule for limiting discovery reflect the existing practice of many courts in issuing protective orders under Rule 26(c).

*Id.* (emphasis added).

The documents Defendant is seeking, all generated subsequent to the termination of the relationship between Plaintiff and Defendant, have absolutely nothing to do with the claims asserted in this case. Whatever accounts Plaintiff has with Merrill Lynch which were created after July 2003 and whatever sweep programs were chosen by Plaintiff subsequent to her termination by UBS as a client, have no bearing on the issue of whether UBS breached its fiduciary obligations to plaintiff or breached its contractual obligations.

The defendant argues that the documents will show "the choices Plaintiff made regarding Merrill Lynch's sweep programs, the rates that Plaintiff received in those sweep programs and the characteristics of Plaintiff's accounts with Merrill Lynch." This statement is likely true. However, the choices plaintiff made subsequent to the date UBS terminated her as a client are simply irrelevant to the relationship between UBS and plaintiff and the claims in this case. Plaintiff could just as well have put her money in the guest room mattress; the color of the sheets

6

and the duvet would be equally irrelevant. And the fact that the plaintiff would be getting absolutely no interest on her money as a result of that choice would similarly not be relevant to whether or not the defendant breached <u>its</u> fiduciary duty or was engaged in self-dealing or if <u>the defendant's</u> interest rates on the sweep account <u>at the time of the relevant transactions</u> was "below market." Accordingly, information about Merrill Lynch's practices concerning brokerage sweep accounts — along with any number of other competitor brokerage firms' similar practices — <u>during</u> the time period plaintiff held her brokerage account with UBS may be relevant or lead to admissible evidence. But that is not what the defendant has requested of Merrill Lynch in the context of the subpoena at issue.

It is therefore, **ORDERED**:

Plaintiff's Motion for Protective Order [Doc. No. 112] is **GRANTED**. The document discovery requests on the subpoena to Merrill Lynch [Doc. No. 112-2] are hereby held to be beyond the scope of proper discovery in this case pursuant to Fed. R. Civ. P. 26(b)(1).

Dated this 23d day of December, 2008.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge