**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-00884-REB-KMT

AMY J. STRAILY, individually, and on behalf of herself and all others similarly situated,

    Plaintiff,

v.

UBS FINANCIAL SERVICES, INC.,

    Defendant.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

**Blackburn, J.**

The matter before me is the **Plaintiff's Motion for Reconsideration of Court's Order Granting Defendant's Motion for Summary Judgment [Docket Nos. 161 and 162]** [#163][1] filed April 3, 2009. The defendant filed a response [#164], and the plaintiff filed a reply [#165]. I deny the motion.

Because plaintiff's motion was filed within ten days of the entry of judgment, it is properly considered under Fed.R.Civ.P. 59(e). However, the bases for granting a motion under Rule 59(e) are limited:

> Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already

---

[1] "[#163]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

> addressed or advance arguments that could have been
> raised in prior briefing.

***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).

None of these circumstances pertains here. I have reviewed the plaintiff's arguments, as stated in her motion [#163] and reply [#165], and the defendant's arguments in its response [#164]. I have reviewed also my order [#161] granting the defendant's motion for summary judgment [#87] and the judgment [#162] entered as a result of my order. Nothing in the plaintiff's motion or reply establishes an intervening change in the controlling law, or the need to correct clear error or prevent manifest injustice.

With regard to her claim that the defendant breached the covenant of good faith and fair dealing, the plaintiff cites one item of evidence which, apparently, she did not cite previously. *Motion To Reconsider* [#163], p. 8, n. 2. This evidence is part of the defendant's answers to the plaintiff's first set of interrogatories. *Id*. There is no indication that this evidence was not available to the plaintiff when she filed her response to the defendant's motion for summary judgment. A motion for reconsideration "is not a second opportunity for the losing party to make its strongest case or rehash or expand on arguments that previously failed." ***Hammond v. City of Junction City***, 168 F.Supp.2d 1241, 1244 (D.Kan.2001) (citations omitted). On the current record, there is no basis to permit the plaintiff to re-state her case after she had a full opportunity to state her case in her response to the motion for summary judgment.

**THEREFORE, IT IS ORDERED** that the **Plaintiff's Motion for Reconsideration of Court's Order Granting Defendant's Motion for Summary Judgment [Docket Nos. 161 and 162]** [#163] filed April 3, 2009, is **DENIED**.

Dated March 3, 2010, at Denver, Colorado.

BY THE COURT:

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge